**GRANADA, INC., a Utah Corporation, Plaintiff and Respondent,**

v.

**George TANNER and Ida Tanner Hamblin, Defendants and Appellants,**

**and**

**Stanley H. Walker, Utah County Treasurer, Defendant.**

No. 19247.

Supreme Court of Utah.

Dec. 17, 1985.

E.J. Skeen, Salt Lake City, for defendants and appellants.

Cullen Y. Christensen, Provo, Michael J. Mazuran, Michael Z. Hayes, Alan B. Asay, Salt Lake City, for plaintiff and respondent.

HOWE, Justice:

Appellants, George Tanner and Ida Tanner Hamblin, appeal from a summary judgment enforcing respondent's redemption of real property from foreclosure and a sheriff's sale.

Respondent, Granada, Inc., is the assignee of a mortgagor's right to redeem the subject property, and appellants are assignees of the sheriff's certificate of sale. Shortly before the redemption period was to expire, counsel for Granada allegedly contacted appellants' attorney, expressed to him Granada's desire to redeem the property, and inquired as to the amount required to redeem. The attorney responded that he would contact appellants to ascertain that amount. Counsel for appellants did not thereafter communicate any amount to Granada's counsel, but allegedly told him that appellants wanted the property.

Because the time for redemption, as provided in Rule 69(f), Utah Rules of Civil Procedure, was swiftly drawing to a close, counsel for Granada contacted the deputy sheriff who had conducted the sale and told him that Granada was ready to redeem the property, that appellants were disputing Granada's right to redeem, and that appellants' attorney had not informed him of the required amount. The sheriff responded that he "had heard that Tanner and Hamblin were trying to obtain interest in addition to the amount provided in Rule 69(f)," and that since the amount was not agreed upon he would be unable to accept any funds. He directed Granada to deposit the amount required with the clerk of the court, as provided for in Rule 69(f)(3).

Two days later, counsel for Granada again contacted the deputy and informed him that Granada was ready to pay the amount required by Rule 69(f) to redeem the property. The deputy again told counsel that he would not accept the funds. Counsel thereupon paid the money to the clerk of the court and filed the petition as provided for in Rule 69(f)(3). Granada later brought this action seeking an order that Granada had redeemed the property and directing appellants to deliver a certificate of redemption in exchange for the funds paid into court. After a hearing on Granada's motion for summary judgment, the court granted Granada its requested relief.

Appellants contend that there was no "disagreement as to whether any sum demanded for redemption [was] reasonable and proper" which would authorize Granada to pay the redemption money into court pursuant to Rule 69(f)(3). Appellants argue that because no one representing Granada contacted them directly or tendered them any money and because they told no one that they disputed the amount, Rule 69(f)(3) does not apply and Granada had no right to pay the funds into court. Strict adherence to the rule must be observed, appellants assert.

The affidavits filed by Granada in support of its motion for summary judgment, particularly the affidavit of the deputy sheriff, clearly show that he would not accept any payment because he believed that the amount was in dispute. Granada's attorney twice told the deputy that Granada wanted to redeem the property. The deputy told him on both occasions to pay the money into court because he would not accept it. Appellants' affidavits do not indicate that the deputy was laboring under any other belief or that he was willing to accept payment.

We hold that Granada properly paid the redemption money into court pursuant to Rule 69(f)(3). Upon Granada's request, appellants' attorney indicated that he would contact his clients to ascertain the required amount. When Granada heard nothing back from the attorney and the redemption period was about to expire, it

was forced to attempt to pay the redemption money to the sheriff as provided for in Rule 69(f)(2). A redemptioner should not be required to argue with the officer who made the sale as to whether there is a disagreement over the redemption amount. The intent of Rule 69(f)(3) is to allow a redemptioner to pay the funds into court so that the holder of the certificate of sale cannot clog the equity of redemption by refusing to cooperate in the redemption process. If the officer who made the sale refuses to accept the funds, then the redemptioner is entitled to pay the money into court. Appellants have suffered no injury by the procedure. They needed only to collect from the court the amount that was due them. There is no claim made that the amount deposited was insufficient.

■ We have reviewed appellants' other points on appeal and find them without merit. The statement in the deputy sheriff's affidavit expressing his belief concerning the disagreement over the redemption amount was not hearsay. It was a statement of his own state of mind and belief. Furthermore, appellants did not object to the affidavit in the trial court. Appellants' argument that the court did not have jurisdiction over the court clerk to direct him to pay the deposited funds to appellants is also unavailing.

The summary judgment in favor of respondent is affirmed. Costs to respondent.

○ HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.